UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

EVERLINA M. STEWART
    DEBTOR(S)

CASE NO. 17-10219
CHAPTER 13

REASONS FOR DECISION

Debtor Everlina M. Stewart ("Debtor") filed a Motion to Reconsider Dismissal [P-95] of her case. The chapter 13 trustee opposes the motion. [P-98]. Ordinarily the motion would be heard and ruled on in open court April 1, 2020 but given the closure of the courthouse due to the COVID-19 pandemic, no argument will take place and the court will rule based on the parties' submissions. The Debtor's motion is denied.

Debtor filed a chapter 13 petition on March 14, 2017, and her plan was confirmed November 17, 2017 [P-51]. The case was troubled almost from the start and the chapter 13 trustee ("Trustee") sought to have it converted several times. She first moved to convert to chapter 7 for failure to make plan payments on July 31, 2018 [P-61]. The court denied that motion when the Debtor pledged to amend her plan and committed to making plan payments. The Debtor's resolve carried her for several months but she again failed to make plan payment as agreed, and so the Trustee on March 1, 2019 again moved to convert to chapter 7 [P-67]. Debtor once again filed a modified plan [P-72] that the court confirmed [P-81]. The Trustee filed a third motion to convert to chapter 7 for failure to make plan payments [P-83] on November 22, 2019. Hope triumphed over experience when the Trustee withdrew that motion in open court on December 18, 2019 after the Debtor agreed that the Trustee could seek dismissal or conversion by *ex parte* motion if the Debtor failed to make any required plan payment within thirty days of its due date [P-88].

Only two months later, the Trustee moved *ex parte* to dismiss the case, supporting the motion with an affidavit demonstrating that the Debtor once again had failed to make plan payments [P89]. Consistent with the agreed order, the court dismissed the case on February 21, 2020 [P-91]. Debtor now seeks reconsideration of the dismissal, promising once again that she will make plan payments.

Motions for reconsideration filed no later than fourteen days after entry of judgment are treated as motions for new trial or motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 59, made applicable in bankruptcy court by Federal Rule of Bankruptcy Procedure ("FRBP") 9023.[1]

Although a court may grant a new trial "for any reason for which a rehearing has [ ] been granted in a suit in equity in federal court,"[2] reconsideration "is an extraordinary remedy that should be used sparingly."[3]

The Debtor failed four times to make plan payments to which she'd agreed, resulting in three motions to convert and finally a motion to dismiss. Each time Debtor sought forgiveness and promised that she would begin paying as her plan required; but each time she defaulted. The Debtor has not earned a fifth bite at the apple. She blames a faithless goddaughter, to whom she gave money for the plan payments, and "was under the impression" that the goddaughter had been making the payments. Motion to Reconsider Order Dismissing Case [P-95], ¶3. She invites the court to excuse her ignorance of her predicament by explaining that her goddaughter had been receiving all notices about her chapter 13 case. But the Debtor created her own

---

[1] *Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873, 875 (5th Cir. 1988).

[2] Fed. R. Civ. Proc. 59(a)(1)(B).

[3] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2005) (citation omitted).

predicament: "Debtor had all notices directed to" her goddaughter, against whom she is "considering pressing charges…."  Motion to Reconsider Order Dismissing Case [P-95], ¶¶2, 4. Creditors need not bear the cost of the Debtor's misplaced trust.

The court will deny the motion by separate order.

Baton Rouge, Louisiana, March 25, 2020.

<u>**s/ Douglas D. Dodd**</u>
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE